■  In the Matter of AEROTECH WORLD TRADE LTD., Appellant, v EXCALIBUR SYSTEMS, INC., Respondent. [654 NYS2d 386] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Queens County (Dye, J.), dated January 17, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed that branch of the petition which was to stay arbitration of any claims arising out of the 1992 Management and Marketing Agreement and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, with costs to the petitioner.

In February 1991, the petitioner Aerotech World Trade Ltd. (hereinafter Aerotech), and the respondent Excalibur Systems,

Inc. (hereinafter Excalibur U.S.A.). signed a Sales Representation Agreement (hereinafter the Sales Agreement). Excalibur U.S.A. is also affiliated in an undefined manner with the nonparty Excalibur Israel, Ltd. The Sales Agreement included a broad arbitration clause. In October 1992, Aerotech signed a separate Management and Marketing Agreement (hereinafter the Management Agreement) with Excalibur Israel, Ltd. Excalibur U.S.A. was made a party to the Management Agreement by an undated addendum to that agreement (hereinafter the addendum). Paragraph 2 of the addendum provided that the Management Agreement did not cancel the Sales Agreement, and that all the terms and conditions in the Sales Agreement not mentioned in the Management Agreement would still be binding on the parties. It also stated that if there was any contradiction between the two agreements, the terms of the Management Agreement would govern as to the issues relating to the Management Agreement. However, the Management Agreement does not contain a provision mandating arbitration, nor was there any provision explicitly incorporating into the Management Agreement any of the provisions (including the provision mandating arbitration) contained in the Sales Agreement.

After a dispute arose between the parties, Excalibur U.S.A. served Aerotech with a Demand for Arbitration. The demand was premised upon an alleged breach of the Sales Agreement. Aerotech then commenced this proceeding under CPLR article 75, contending, *inter alia,* that arbitration should be stayed because Excalibur U.S.A. failed to fulfill a condition precedent to arbitration, and because Excalibur U.S.A. was also improperly seeking arbitration for claims arising under the Management Agreement. In its answer, Excalibur U.S.A. asserted that the arbitration provision contained in the Sales Agreement was incorporated by reference into the Management Agreement. It also asserted that Aerotech breached both agreements. Excalibur U.S.A. agreed with Aerotech's allegation that it was attempting to arbitrate claims arising under the Management Agreement.

The Supreme Court determined that paragraph 2 of the addendum incorporated by reference the arbitration provision of the Sales Agreement into the Management Agreement and that therefore all claims between Aerotech and Excalibur U.S.A. were arbitrable. The court also agreed with Excalibur U.S.A. that there was no condition precedent to the arbitration. We disagree with so much of the Supreme Court's determination as found that the arbitration provision in the Sales

Agreement was incorporated by reference into the Management Agreement and modify the judgment accordingly.

New York public policy favors arbitration. However, an agreement to arbitrate must be clear and unambiguous, and not dependent upon subtleties in the agreement (*see, Crimmins Contr. Co. v City of New York,* 74 NY2d 166; *Matter of Waldron [Goddess],* 61 NY2d 181). While an agreement to arbitrate can be incorporated by reference, any such reference must clearly show such an intent to arbitrate (*see, Matter of Level Export Corp. [Wolz, Aiken & Co.],* 305 NY 82; *cf., Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.],* 306 NY 288). Moreover, an agreement to arbitrate some issues between parties will not be construed as an agreement to arbitrate all issues between those parties (*see, Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.,* 48 NY2d 127).

The Management Agreement fails to incorporate, either explicitly or by reference, the provision of the Sales Agreement requiring the parties to submit their disputes to arbitration, nor does the provision relied upon by the Supreme Court evince a clear intent by the parties to do so. Therefore, it was error for the Supreme Court to find that Aerotech had agreed to arbitrate all claims between itself and Excalibur U.S.A., including those claims arising out of the Management Agreement, and to deny that branch of the petition which was to stay arbitration of those claims (*see, Crimmins Contr. Co. v City of New York, supra; Matter of Waldron [Goddess], supra,* and *Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp., supra; see also, Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], supra; cf., Matter of Level Export Corp. [Wolz, Aiken & Co.], supra*). However, since it is undisputed that claims arising under the Sales Agreement are arbitrable, the court properly denied that branch of the petition which was to stay arbitration of claims arising out of the Sales Agreement.

Aerotech's remaining contention is without merit. Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.