■ GENERAL RAILWAY SIGNAL CORPORATION, Appellant, v L.K. COMSTOCK & COMPANY, INC., et al., Respondents, et al., Defendant. [678 NYS2d 208] —Order unanimously reversed on the law with costs and motion denied. Memorandum: This appeal involves the issue whether the "flow-down" provisions of the subcontract between plaintiff and defendant L.K. Comstock & Company, Inc. (Comstock), make the subcontract subject to the alternative dispute resolution provisions in Comstock's prime contract. In 1991, Comstock entered into a contract with the Metropolitan Transportation Authority, acting through the New York City Transit Authority (Authority), for the renovation of subway signal systems in New York City known as the Jamaica Line Project. Comstock subcontracted a portion of the work to plaintiff. The Jamaica Line Project has been completed and Comstock has been paid in full by the Authority. Plaintiff brought this action against Comstock, Seaboard Surety Co. and St. Paul Fire and Marine Insurance Company (defendants) seeking payment for labor and materials allegedly due under the subcontract. Supreme Court granted defendants' motion to stay the action pending arbitration and to change venue pursuant to CPLR 511. That was error.

The prime contract provides that all disputes arising under the contract, other than those to be decided by the Authority's Chief Engineer, must be submitted to the Authority's Contractual Disputes Review Board for resolution and that all actions arising out of such resolution are to be venued either in Kings County or New York County.

Although the prime contract specifically provides for alternative dispute resolution regarding disputes between Comstock and the Authority, the subcontract does not contain similar language regarding a procedure for resolving disputes between plaintiff and Comstock. "An alternate dispute resolution agreement, like an arbitration agreement, 'must be clear, explicit and unequivocal * * * and must not depend upon implication or subtlety' " (*Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 171). Such an agreement may be incorporated by reference but that reference must "clearly show such an intent" (*Matter of Aerotech World Trade v Excalibur Sys.*, 236 AD2d 609, 611, *lv denied* 90 NY2d 812). In the absence of a clear and express intent, a party may not be compelled to submit its claim to alternative dispute resolution (*see, Matter of Marlene Indus. Corp. [Carnac Textiles]*, 45 NY2d 327, 333-334).

Nowhere in the subcontract is there a "clear, explicit and unequivocal" agreement to arbitrate. At best, the references in the subcontract regarding plaintiff's assumption of certain obligations that "flow-down" from the prime contract are equivocal and ambiguous regarding a similar assumption of the prime contract's alternative dispute provisions. Thus, the terms of the subcontract do not meet the rigid standards necessary to establish an explicit commitment by plaintiff to submit its claims against Comstock to alternative dispute resolution, as provided in the prime contract, and the court erred in staying the action pending arbitration.

Defendants' reliance on *Westinghouse Elec. Corp. v New York City Tr. Auth.* (82 NY2d 47) and *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.* (87 NY2d 927, *rearg denied* 88 NY2d 875) is misplaced. Those cases upheld alternative dispute resolution provisions in contracts against arguments of public policy and unconscionability. The issue here is not the validity of an arbitration clause but, rather, whether there is an obligation to arbitrate.

In addition, because the burden of showing an express and unequivocal agreement has not been met (*see, Matter of American Centennial Ins. Co. v Williams*, 233 AD2d 320; *Marben Realty Co. v Sweeney*, 87 AD2d 561, 562), the venue provisions of the prime contract are inapplicable, and this action brought under the subcontract for breach of contract was properly venued in Monroe County (*see,* CPLR 503 [c]). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Venue.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.