■ BESTFORM, INC., Respondent, v BURTON G. HERMAN et al., Defendants, and CENTURY BUSINESS CREDIT CORPORATION, Appellant. [804 NYS2d 80]—

Judgment, Supreme Court, New York County (Richard B. Lowe III, J.), entered November 23, 2004, awarding plaintiff, after a nonjury trial, the principal sum of $300,000, unanimously affirmed, with costs.

We affirm for the following reasons (*see Matter of American Dental Coop. v Attorney-General of State of N.Y.*, 127 AD2d 274, 279 n 3 [1987]). Notwithstanding that defendant-appellant's payment obligation was recited to be "conditioned upon" a confirmation by the buyer of plaintiff's merchandise that the goods shipped "conform" to the buyer's purchase orders, the payment obligation was not subject to an express condition precedent that required strict compliance. The provision neither stated that such compliance was required nor set forth the consequences of noncompliance (*see Promo-Pro Ltd. v Lehrer McGovern Bovis*, 306 AD2d 221 [2003], *lv denied* 100 NY2d 628 [2003]; *cf. David Fanarof, Inc. v Dember Constr. Corp.*, 195 AD2d 346, 347 [1993]). Evidence of industry practice did not contradict the terms of the agreement (*cf. Gordon & Breach Science Publs. v New York Sys. Exch.*, 267 AD2d 52 [1999]) but merely improperly shed light on the meaning of "conform" in the agreement (*see News Am. Mktg., Inc. v Lepage Bakeries, Inc.*, 16 AD3d 146, 148 [2005]). Moreover, the court properly construed the agreement to avoid a result that was absurd, commercially

unreasonable and contrary to the reasonable expectations of the parties (*see Matter of Lipper Holdings v Trident Holdings,* 1 AD3d 170 [2003]). In addition, upon our own review of the record, we find that the court properly attributed the buyer's conduct to defendant-appellant.

We have considered appellant's other contentions and find them unavailing. Concur—Buckley, P.J., Nardelli, Williams, Gonzalez and McGuire, JJ.