■ CARLISLE SoHo EAST TRUST, Respondent, v LEXINGTON INSURANCE COMPANY, Appellant. [852 NYS2d 118]—

Clear language in the relevant contract demonstrates the sub-subcontractor's agreement to be bound by the insurance requirements of the subcontract incorporated by reference (*cf. Bussanich v 310 E. 55th St. Tenants*, 282 AD2d 243 [2001]). The incorporated subcontract, which required, inter alia, that plaintiff be named as an additional insured under the subcontractor's general liability and umbrella policies, expressly stated that all insurance required thereunder was binding on a sub-subcontractor retained by the subcontractor. Moreover, the sub-subcontractor, in agreeing to be bound by the subcontract, made specific revisions to the provisions setting forth the limits of umbrella coverage but made no change to the provision requiring that plaintiff be covered as an additional insured, thereby demonstrating a specific intent to be bound by the latter (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). Accordingly, plaintiff was entitled to coverage under the terms of the policy issued by defendant to its named insured, the sub-subcontractor, which states that it includes as an additional insured "any person or entity that is required to be so named in a covered written contract with [the named insured]."

We have considered defendant's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ. [*See* 2007 NY Slip Op 32734(U).]