NAVILLUS TILE, INC., Doing Business as NAVILLUS CONTRACTING, Appellant, v BOVIS LEND LEASE LMB, INC., Respondents, et al., Defendants, and JD CONTRACTING LLC, Doing Business as DONALDSON TRADITION INTERIORS, Appellant. [904 NYS2d 207]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered February 26, 2009, as granted that branch of the motion of the defendants Bovis Lend Lease LMB, Inc., Travelers Casualty and Surety Company, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Liberty Mutual Insurance Company and that branch of the separate motion of the defendant City of New York which were to dismiss the complaint insofar as asserted against them based upon the plaintiff's failure to exhaust its administrative remedies, and the defendant JD Consulting LLC, doing business as Donaldson Tradition Interiors, separately appeals, as limited by its brief, from so much of the same order as denied its separate motion,

in effect, for summary judgment declaring that certain provisions in the subject contract relied upon by the defendants Bovis Lend Lease LMB, Inc., Travelers Casualty and Surety Company, Federal Insurance Company, Fidelity and Deposit Company of Maryland, Liberty Mutual Insurance Company, and the City of New York in support of their separate motions to dismiss the complaint constitute an invalid waiver of rights under the Lien Law and are void as against public policy.

Ordered that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting that branch of the motion of the defendants Bovis Lend Lease LMB, Inc., Travelers Casualty and Surety Company, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Liberty Mutual Insurance Company and that branch of the separate motion of the defendant City of New York which were to dismiss the complaint insofar as asserted against them based upon the plaintiff's failure to exhaust its administrative remedies and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Queens County, for a determination of that branch of the motion of the City of New York which was to dismiss the third cause of action.

The City of New York, Department of Design and Construction, Division of Structures (hereinafter the City) entered into a contract (hereinafter the prime contract) with the defendant Bovis Lend Lease LMB, Inc. (hereinafter Bovis), for Bovis to act as the construction manager on a project (hereinafter the project) to construct the new headquarters of the New York City Office of Emergency Management in Cadman Plaza, Brooklyn. In the event of disputes, Bovis and the City agreed to utilize certain alternative dispute resolution methods (hereinafter the ADR provisions) set forth in the Prime Contract and in the Rules of the Procurement Policy Board of the City of New York (hereinafter the PPB rules), which were expressly incorporated into the prime contract.

Bovis entered into a subcontract (hereinafter the subcontract) with the plaintiff, Navillus Tile, Inc., doing business as Navillus Contracting (hereinafter Navillus), for Navillus to act as the general contractor on the project. Paragraph 8 of the subcontract recited that the contract between Bovis and Navillus consisted of the subcontract, the general conditions, the special conditions, and the prime contract. Pursuant to the special conditions, under sections titled "Bid Security" and "Form of Bid,"

the special conditions were made subject to the PPB rules. The general conditions provided, however, that nothing in any contract document shall be deemed to impair a subcontractor's rights under the Lien Law, and that all claims arising under the subcontract shall be litigated in state court.

Navillus, in turn, entered into a sub-subcontract with the defendant JD Consulting LLC, doing business as Donaldson Tradition Interiors (hereinafter Donaldson), for Donaldson to perform certain work on the project, including carpentry, drywall work, and installation of acoustic ceilings.

Navillus filed a mechanic's lien against the project seeking payment of moneys it claimed were due to it for its work on the project. Donaldson subsequently filed a public improvement lien against Navillus's interest in the mechanic's lien for monies it claimed were due and owing to it for its work on the project.

Navillus commenced the instant action alleging breach of contract against Bovis, seeking payments for work performed pursuant to approved change orders and pursuant to unapproved change orders, seeking payment from the City under a guaranty set forth in article 10.6 of the prime contract, and seeking to foreclose on its mechanic's lien against the project. The City moved, inter alia, to dismiss the complaint insofar as asserted against it based upon the plaintiff's failure to exhaust its administrative remedies. Bovis and the insurance defendants (hereinafter collectively Bovis) also moved, among other things, to dismiss the complaint insofar as asserted against them on the same ground. Donaldson, in effect, joined with Navillus in opposing the motions by cross-moving, inter alia, in effect, for summary judgment declaring that certain provisions in the subcontract upon which the City and Bovis relied in support of their respective motions to dismiss the complaint constitute an invalid waiver of a subcontractor's rights under the Lien Law and are void as against public policy. The Supreme Court granted those branches of the separate motions of the City and Bovis which were to dismiss the complaint based upon Navillus's failure to exhaust its administrative remedies, upon its finding that the subcontract incorporated the ADR provisions set forth in the prime contract and the PPB rules. The Supreme Court denied the remaining branches of the motions of the City and Bovis as academic. The Supreme Court also denied Donaldson's cross motion.

"An alternate dispute resolution agreement, like an arbitration agreement, must be clear, explicit and unequivocal . . . and must not depend upon implication or subtlety. . . . [P]arties consenting to arbitration surrender many of their normal rights

under the procedural and substantive law of the State, and it would be unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent" (*Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 171 [1989] [internal quotation marks omitted]; *see Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]). "While an agreement to arbitrate can be incorporated by reference, any such reference must clearly show such an intent to arbitrate" (*Matter of Aerotech World Trade v Excalibur Sys.*, 236 AD2d 609, 611 [1997]). "Under New York law, incorporation clauses in a construction subcontract, incorporating prime contract clauses by reference into a subcontract, bind a subcontractor only as to prime contract provisions relating to the scope, quality, character and manner of the work to be performed by the subcontractor" (*Bussanich v 310 E. 55th St. Tenants*, 282 AD2d 243, 244 [2001]; *see Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260, 261 [2008]).

Here, the general incorporation of the Prime Contract and the PPB Rules into the Subcontract, without any explicit reference to their respective ADR provisions, was insufficient to incorporate those ADR provisions into the Subcontract, including the ADR provision in article 29 of the Prime Contract requiring 30-day notice of a dispute (*see Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d at 171; *Matter of Waldron [Goddess]*, 61 NY2d at 183; *General Ry. Signal Corp. v Comstock & Co.*, 254 AD2d 759 [1998]; *Matter of Aerotech World Trade v Excalibur Sys.*, 236 AD2d at 611; *see also Industrial Window Corp. v Federal Ins. Co.*, 565 F Supp 2d 513, 517 [2008]). Nor were the record-keeping requirements of article 30 of the prime contract incorporated in the subcontract (*see Waitkus v Metropolitan Hous. Partners*, 50 AD3d at 261; *Bussanich v 310 E. 55th St. Tenants*, 282 AD2d at 244). Since these provisions of the prime contract are not incorporated in the subcontract, the contentions of Navillus and Donaldson that these provisions effected a waiver of their rights under the Lien Law and, thus, violated public policy, are rendered academic.

Furthermore, the Supreme Court properly determined that the 10-day notice provision in article 19.5 of the general conditions in the subcontract did not deprive Navillus of its right to foreclose on its mechanic's lien under the Lien Law because it was not an express condition precedent to Navillus's right to commence an action for recovery of amounts due for work performed pursuant to change orders on the project (*cf. Promo-Pro Ltd. v Lehrer McGovern Bovis*, 306 AD2d 221, 222 [2003]; *see Otis El. Co. v Hunt Constr. Group, Inc.*, 52 AD3d 1315, 1316

[2008]; *Bestform, Inc. v Herman*, 23 AD3d 253 [2005]). Since that provision does not effect a waiver of Navillus's lien rights, it does not contravene the public policy expressed in Lien Law § 34.

The Supreme Court did not reach the issue of whether Navillus's third cause of action against the City for recovery under the City's guaranty in article 10.6 of the prime contract should be dismissed for Navillus's failure to comply with certain conditions. The matter is, thus, remitted to the Supreme Court, Queens County, for consideration of that branch of the City's motion which was to dismiss the third cause of action. Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.