■ LAWRENCE PERSAUD et al., Plaintiffs, v BOVIS LEND LEASE, INC., et al, Defendants/Third-Party Plaintiffs-Respondents. GESSIN ELECTRICAL CONTRACTORS, INC., Third-Party Defendant-Appellant. [941 NYS2d 208]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals from (1) a decision of the Supreme Court, Rockland County (Weiner, J.), dated April 19, 2011, and (2) an order of the same court entered May 25, 2011, which, upon the decision, denied its motion for summary judgment dismissing the third-party complaint and granted that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment on their third-party cause of action for contractual indemnification.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the order is reversed, on the law, that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment on their third-party cause of action for contractual indemnification is denied, and the third-party defendant's motion for summary judgment dismissing the third-party complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant.

The plaintiff Lawrence Persaud (hereinafter the injured plaintiff) was employed as an electrician by Gessin Electrical Contractors, Inc. (hereinafter Gessin). Gessin was a sub-subcontractor on a construction project pursuant to a subcontract it entered into with Building Technologies Group, Inc. (hereinafter BTG). After the injured plaintiff was injured on the job, he and his wife, suing derivatively, commenced the instant action against the defendants Bovis Lend Lease, Inc., Hunt Construction Group, Inc., Queens Ballpark Company, LLC, Sterling Equities, Inc., and Hunt/Bovis Lend Lease Alliance II, a Joint Venture (hereinafter collectively the defendants). The defendants commenced a third-party action against Gessin alleging causes of action for contribution, common-law indemnification, and contractual indemnification, and to recover damages for breach of contract for failure to procure insurance. Gessin moved for summary judgment dismissing the third-party complaint, and the defendants cross-moved for summary judgment against Gessin on the third-party causes of action. In an order entered May 25, 2010, the Supreme Court denied Gessin's motion and granted that branch of the defendants' cross motion which was for summary judgment on the third-party cause of action for contractual indemnification. Gessin appeals, and we reverse.

An employer may be held liable for contribution or indemnification only if the employee has sustained a grave injury as defined by the Workers' Compensation Law or when there is a "written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant" (Workers' Compensation Law § 11; see *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 582 [1998]; *Mikulski v Adam R. West, Inc.*, 78 AD3d 910, 911 [2010]; *Blackburn v Wysong & Miles Co.*, 11 AD3d 421 [2004]). Grave injuries are those injuries that are listed in the statute and are determined to be permanent (*see Blackburn v Wysong & Miles Co.*, 11 AD3d at 422; *Ibarra v Equipment Control*, 268 AD2d 13, 17-18 [2000]). Gessin established, prima facie, that the injured plaintiff did not sustain a grave injury as defined by the statute, and the defendants failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court erred in denying those branches of Gessin's motion which were for summary judgment dismissing the defendants' third-party causes of action for common-law indemnification and contribution.

Further, the defendants were not entitled to contractual indemnification from Gessin, and Gessin was not required to

procure insurance on behalf of the defendants. Although, even in the absence of grave injury, an employer may be subject to an indemnification claim " 'based upon a provision in a written contract' " (*Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 429-430 [2005], quoting Workers' Compensation Law § 11), the causes of action for contractual indemnification and to recover damages for breach of contract for failure to procure insurance were based upon a promise found in the prime agreement between the subcontractor BTG, and the defendant general contractor Hunt Bovis/Lend Lease Alliance II, to which Gessin was not a signatory. Despite the fact that the construction subcontract signed by Gessin incorporated the main agreement by reference, " '[u]nder New York law, incorporation clauses in a construction subcontract, incorporating prime contract clauses by reference into a subcontract, bind a subcontractor only as to prime contract provisions relating to the scope, quality, character and manner of the work to be performed by the subcontractor' " (*Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260, 261 [2008], quoting *Bussanich v 310 E. 55th St. Tenants*, 282 AD2d 243, 244 [2001]; *see Navillus Tile, Inc. v Bovis Lend Lease LMB, Inc.*, 74 AD3d 1299, 1302 [2010]). Accordingly, the provisions in the prime agreement related to contractual indemnification for an employee's injuries and insurance procurement were not incorporated by reference into the subcontract between Gessin and BTG and, thus, the defendants failed to establish, prima facie, the existence of a written indemnification or insurance procurement agreement. Consequently, the Supreme Court should have denied that branch of the defendants' cross motion which was for summary judgment on the third-party cause of action for contractual indemnification, regardless of the sufficiency of Gessin's opposition. Gessin, however, established, prima facie, that no such written agreement existed, and the defendants failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted that branch of Gessin's motion which was for summary judgment dismissing the third-party causes of action for contractual indemnification and to recover damages for breach of contract for failure to procure insurance.

Gessin's remaining contentions are without merit. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.