In February 2007, the plaintiff entered into a subcontract with a general contractor, nonparty Hunt/Bovis Lend Lease Alliance II, to perform electrical work for the CitiField construction project. In connection with the construction project, the owner instituted an “Owner Controlled Insurance Program” (hereinafter OCIP), in which the plaintiff did not participate. During the course of the project, the plaintiffs work allegedly was damaged by the actions of other subcontractors. As a result, the plaintiff commenced this action to recover amounts allegedly due to the plaintiff under a builder’s risk insurance policy issued by the defendants.
Thereafter, the plaintiff moved for summary judgment, in effect, on the issue of whether the plaintiff was an additional insured under the subject builder’s risk insurance policy, arguing, inter alia, that although it did not participate in the OCIE] the builder’s risk insurance policy and the OCIP policies were separate and distinct from one another, and the plaintiff was intended to be covered as an additional insured under the builder’s risk insurance policy. The defendants, in turn, cross-moved for summary judgment dismissing the complaint. In an order entered July 25, 2011, the Supreme Court denied the plaintiff’s motion and granted the defendants’ cross motion. The plaintiff appeals.
“[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms” (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; see St. John’s Univ., N.Y. v Butler Rogers Baskett Architects, P.C., 92 AD3d 761, 765 [2012]). Here, the defendants established their prima facie entitlement to summary judgment dismissing the complaint by submitting the builder’s risk insurance policy and the plaintiffs subcontract, which demonstrated that the plaintiff was not an additional insured under the *803 builder’s risk policy (cf. Carlisle SoHo E. Trust v Lexington Ins. Co., 49 AD3d 272 [2008]).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiffs contention that builder’s risk insurance was not coverage provided by the OCIR and that it was not obligated to procure such insurance, is unavailing. The plaintiffs subcontract provided that the plaintiff “shall always be responsible to provide insurance coverage,” and that it “shall obtain and maintain, at its expense, at least the insurance coverage specified in Exhibit C attached hereto.” Exhibit C, the OCIP manual, specified the insurance coverage OCIP provided to enrolled members, which included builder’s risk insurance. Thus, the plaintiff was required under the terms of its subcontract to procure and maintain, at its own expense, a builder’s risk insurance policy.
The plaintiffs remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment, and granted the defendants’ cross motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Sgroi and Cohen, JJ., concur.