SJS CONSTRUCTION COMPANY, INC., Respondent, v DARIUS MASONRY, INC., Appellant. [68 NYS3d 123]—

Appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated December 7, 2016. The order, insofar as appealed from, denied the defendant's cross motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties executed a "Standard Form of Agreement Between Contractor and Subcontractor" (hereinafter the subcontract) requiring the defendant to perform certain masonry work on a construction project in Huntington. There is no dispute that the defendant never performed any services pursuant to the subcontract and was ultimately terminated from the project. The plaintiff was forced to hire another subcontractor to do the work at additional cost.

Subsequently, the plaintiff commenced this action against the defendant, alleging breach of the subcontract, and seeking to recover the amounts paid above the subcontract price. The plaintiff thereafter moved for summary judgment on the issue of liability. The defendant cross-moved for summary judgment dismissing the complaint and pursuant to CPLR 3211 (a) (2) to dismiss the complaint for lack of subject matter jurisdiction based upon an alleged mandatory arbitration clause in the "Prime Contract" between the plaintiff and the owner of the premises where the project took place. The Supreme Court denied both motions, finding that triable issues of fact existed. The defendant appeals.

The Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint, because the defendant did not establish its entitlement to judgment as a matter of law. The defendant's own submissions demonstrated that there are triable issues of fact (*see Ferrigno v Jaghab, Jaghab & Jaghab, P.C.*, 152 AD3d 650 [2017]).

The Supreme Court also properly denied that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (2) to dismiss the complaint for lack of subject matter jurisdiction. The defendant contends that a provision in the prime contract mandating arbitration of disputes was incorporated by reference into the subcontract, and therefore, that this action must be dismissed on the ground that the court lacks subject matter jurisdiction. However, the prime contract is not part of the record on appeal since it was not submitted to the Supreme Court, making it impossible to determine whether it contained a mandatory arbitration provision. Further, even assuming that the prime contract contained a mandatory arbitration provision, the subcontract does not explicitly incorporate that provision and, thus, there was no agreement to arbitrate between the parties (*see Persaud v Bovis Lend Lease, Inc.*, 93 AD3d 831 [2012]; *Navillus Tile, Inc. v Bovis Lend Lease LMB, Inc.*, 74 AD3d 1299 [2010]). Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.