New York City Hous. Auth. v Harleysville Worcester Ins. Co. (2024 NY Slip Op 01934)

New York City Hous. Auth. v Harleysville Worcester Ins. Co.

2024 NY Slip Op 01934

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2019-13582
 (Index No. 512087/17)

[*1]New York City Housing Authority, et al., respondents, 
v
Harleysville Worcester Insurance Company, appellant, et al., defendants.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Andrew D. Showers and Thomas Bundock of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Harleysville Worcester Insurance Company is obligated to defend and indemnify the plaintiffs as additional insureds in an underlying personal injury action entitled Daversa v New York City Housing Authority, commenced in the Supreme Court, Kings County, under Index No. 511716/16, the defendant Harleysville Worcester Insurance Company appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 30, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it and declaring, among other things, that it is not obligated to defend and indemnify the plaintiffs as additional insureds in the underlying action.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Harleysville Worcester Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiffs New York City Housing Authority, HP PPN Housing Development Fund Company, Inc., Oceanhill, LLC, PPD Partners, LLC, and Blue Sea Development Company, LLC, and declaring that it is not obligated to defend and indemnify those plaintiffs as additional insureds in the underlying action, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the motion of the defendant Harleysville Worcester Insurance Company which was for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff Blue Sea Construction Company, LLC, as an additional insured in the underlying action unless that defendant's obligation to provide excess coverage is triggered, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the motion of the defendant Harleysville Worcester Insurance Company which was for summary judgment dismissing the demand for attorneys' fees insofar as asserted against it in this action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Harleysville Worcester Insurance Company, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making the appropriate declarations in accordance herewith.
The plaintiff Oceanhill, LLC (hereinafter Oceanhill), entered into a contract with the plaintiff Blue Sea Construction Company, LLC (hereinafter the general contractor), to perform construction services. The general contractor subsequently entered into a subcontract with the defendant A & R Electrical Maintenance (hereinafter the subcontractor), pursuant to which the subcontractor agreed to, inter alia, provide all materials and labor necessary for the installation of electrical and CCTV systems in connection with the construction project. Pursuant to the subcontract, the subcontractor also agreed to indemnify and hold harmless the general contractor and the owner of the premises for any claims arising from the negligence or omission of the subcontractor. Additionally, the subcontractor was required to procure and maintain a commercial general liability insurance policy naming Oceanhill, the general contractor, and the defendant PPD Partners, LLC, as additional insureds thereunder.
Joseph Daversa was injured while working for the subcontractor. Daversa commenced an action (hereinafter the underlying action) to recover damages for personal injuries against the subcontractor, the general contractor, the New York City Housing Authority, HP PPN Housing Development Fund Company, Inc., Oceanhill, PPD Partners, LLC, and Blue Sea Development Company, LLC. Thereafter, the New York City Housing Authority, HP PPN Housing Development Fund Company, Inc., Oceanhill, PPD Partners, LLC, and Blue Sea Development Company, LLC (hereinafter collectively the noncontractor plaintiffs), and the general contractor (hereinafter together with the noncontractor plaintiffs, the plaintiffs) commenced this action against Harleysville Worcester Insurance Company (hereinafter Harleysville), inter alia, for a judgment declaring that Harleysville is obligated to defend and indemnify them as additional insureds in the underlying action under the subcontractor's commercial general liability policy of insurance issued by Harleysville. Harleysville moved for summary judgment dismissing the complaint insofar as asserted against it and for a judgment, among other things, declaring that it was not obligated to defend and indemnify the plaintiffs as additional insureds in the underlying action. In an order dated October 30, 2019, the Supreme Court, inter alia, denied the motion. Harleysville appeals.
Harleysville established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by the noncontractor plaintiffs and declaring that it is not obligated to defend and indemnify the noncontractor plaintiffs as additional insureds in the underlying action. "[W]hether a third party is an additional insured under a policy is determined 'from the intention of the parties to the policy, as determined from the four corners of the policy itself'" (Chipotle Mexican Grill, Inc. v RLI Ins. Co., 199 AD3d 979, 983, quoting 140 Broadway Prop. v Schindler El. Co., 73 AD3d 717, 718 [internal quotation marks omitted]). Here, the plaintiffs were not named insureds on the policy issued to the subcontractor by Harleysville, nor were they listed as additional insureds thereon (see New York State Thruway Auth. v. Ketco, Inc., 119 AD3d 659, 661). Furthermore, the noncontractor plaintiffs do not qualify as additional insureds under an endorsement to the policy entitled "ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU - ONGOING OPERATIONS," which provides, in relevant part, that "Who Is An Insured is amended to include as an insured any person or organization for whom you are performing operations only as specified under a written contract . . . that requires that such person or organization be added as an additional insured on your policy." This policy language is properly interpreted to require privity of contract between the named insured and the party seeking additional insured status (see Yonkers Lodging Partners, LLC v Selective Ins. Co. of Am., 158 AD3d 732, 735; Kel-Mar Designs, Inc. v Harleysville Ins. Co. of N.Y., 127 AD3d 662). As only the general contractor contracted directly with the named insured, i.e., the subcontractor, only the general contractor qualifies for additional insured status under the terms of the policy.
The plaintiffs failed to raise a triable issue of fact in opposition to this showing. Language in the subcontract incorporating the terms of the prime contract between the general contractor and Oceanhill, which lists Oceanhill as the owner and requires the general contractor to add the owner as an additional insured under its policy, is insufficient to confer additional insured status on Oceanhill with respect to the subcontractor's policy (see Yonkers Lodging Partners, LLC v Selective Insurance Company of America, 158 AD3d at 735; City of New York v Nova Cas. Co., 104 AD3d 410; AB Green Gansevoort, LLC v Peter Scalamandre & Sons, Inc., 102 AD3d 425). Moreover, "incorporation clauses in a construction subcontract, incorporating prime contract clauses [*2]by reference into a subcontract, bind a subcontractor only as to prime contract provisions relating to the scope, quality, character and manner of the work to be performed by the subcontractor" (Persaud v Bovis Lend Lease, Inc., 93 AD3d 831, 833 [internal quotation marks omitted]; see Navillus Tile, Inc. v. Bovis Lend Lease LMB, Inc., 74 AD3d 1299, 1302; cf. Carlisle SoHo E. Trust v Lexington Ins. Co., 49 AD3d 272).
Coverage for additional insureds is "primary coverage unless unambiguously stated otherwise" (Pecker Iron Works of N.Y. v Traveler's Ins. Co., 99 NY2d 391, 393). Harleysville contends that any coverage afforded to the general contractor under the policy issued to the subcontractor would be excess to the coverage under the policy of insurance issued to the general contractor by the general contractor's insurer, State National Insurance Company (hereinafter State National). The policy issued by Harleysville unambiguously provides that coverage for an additional insured is excess over other insurance available to the additional insured, unless a written contract requires that the coverage be primary and noncontributory. Here, the subcontract requires the subcontractor to include the general contractor as an additional insured, but it does not state that the coverage must be primary and noncontributory over other insurance available to the general contractor (see Kel-Mar Designs, Inc. v Harleysville Ins. Co. of N.Y., 127 AD3d 662). "In order to determine the priority of coverage among different policies, a court must review and consider all of the relevant policies at issue" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 716). The policy issued by State National to the general contractor provides that it is primary unless there is "[a]ny other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement," in which case the coverage would be excess. Thus, the subcontractor's policy issued by Harleysville is excess to the general contractor's policy issued by State National (see Poalacin v Mall Props., Inc., 155 AD3d 900, 911; DD 11th Ave., LLC v Harleysville Ins. Co. of N.Y., 129 AD3d 599), and coverage would only be triggered if the liability limits of the State National policy issued to the general contractor were exhausted (see generally State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369).
While an insurer's duty to defend arises when the claims asserted are within the policy's coverage, the duty to indemnify "is determined by the actual basis for the insured's liability to a third person" (Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 424). As there has been no finding of liability in the underlying action, it is premature to determine whether Harleysville is obligated to indemnify the general contractor in that action (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313; Citizens Ins. Co. of Am. v American Ins. Co., 187 AD3d 461).
The Supreme Court did not address Harleysville's argument that the plaintiffs are not entitled to recover attorneys' fees from it in this action. Attorneys' fees may not be recovered in a litigation unless authorized by agreement between the parties, by statute, or by court rule (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5; Specialized Prods. & Servs., Inc. v Steelbro Intl. Co., Inc., 161 AD3d 1127). Furthermore, "an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 324; Garcia v Shah, 206 AD3d 626, 631). Accordingly, the court should have granted that branch of Harleysville's motion which was for summary judgment dismissing the demand for attorneys' fees insofar as asserted against it in this action.
The plaintiffs 'remaining contention is improperly raised for the first time on appeal.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Harleysville is not obligated to defend and indemnify the noncontractor plaintiffs as additional insureds in the underlying action and is not obligated to defend and indemnify the general contractor in the underlying action as an additional insured unless its obligation to provide excess coverage is triggered (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court