Dart Seasonal Prods. Inc. v City of New York (2025 NY Slip Op 01188)

Dart Seasonal Prods. Inc. v City of New York

2025 NY Slip Op 01188

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Index No. 655195/20|Appeal No. 3814|Case No. 2024-01319|

[*1]Dart Seasonal Products Inc., Plaintiff-Appellant,
v
The City Of New York et al., Defendants-Respondents.

Jacobowitz Newman Tversky LLP, Cedarhurst (Aviva Francis of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondents.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered January 19, 2024, which granted defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, unanimously affirmed, without costs.
The documents confirm that the purchase order at issue was not a separate agreement but part of the parties' 2016 contract. As such, the alternate dispute resolution (ADR) provisions of that contract applied to the purchase order (cf. Navillus Tile, Inc. v Bovis Lend Lease LMB, Inc., 74 AD3d 1299, 1301-1302 [2d Dept 2010]).
The provisions of the contract providing for a New York forum are not inconsistent with the ADR provisions and are readily harmonized (see Isaacs v Westchester Wood Works, 278 AD2d 184, 185 [1st Dept 2000] ["The purpose of the exclusive jurisdiction provision was simply to fix the required venue of applications to compel arbitration or confirm or reject arbitration awards"]).
Contrary to plaintiff's contention, the 2016 contract was properly considered as documentary evidence, as it was authenticated by an affiant with personal knowledge of the agreement (see Commissioners of the State Ins. Fund v Sanitation Salvage Corp., 187 AD3d 537, 537 [1st Dept 2020]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025