Rahmonov v Purves Dev., LLC (2025 NY Slip Op 01656)

Rahmonov v Purves Dev., LLC

2025 NY Slip Op 01656

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-07004
 (Index No. 510605/17)

[*1]Sherzod Rahmonov, plaintiff, 
v
Purves Development, LLC, et al., defendants third-party plaintiffs-appellants, et al., defendant; & P Altitude Corp., third-party defendant-respondent, et al., third-party defendant (and another third-party action).

Katz & Rychik P.C., New York, NY (Abe M. Rychik and Adam Kraman of counsel), for defendants third-party plaintiffs-appellants.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska, Daniel Glattman, and Nicholas P. Calabria of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs Purves Development, LLC, Silvercup Properties, LLC, and S2 Construction, LLC, appeal from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated July 12, 2022. The order, insofar as appealed from, granted those branches of the motion of the third-party defendant V & P Altitude Corp. which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the third-party defendant V & P Altitude Corp. which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance insofar as asserted against it are denied.
In January 2017, the plaintiff allegedly was injured while working at a construction project at certain property owned by the defendant Purves Development, LLC (hereinafter the owner). At the time of the accident, the plaintiff was employed as a window installer by the third-party defendant V & P Altitude Corp. (hereinafter V & P). V & P was a sub-subcontractor on the project pursuant to a subcontract (hereinafter the V & P subcontract) it entered into with nonparty Pioneer Window Manufacturing Corp. (hereinafter Pioneer). Pioneer had been retained by the defendant S2 Construction, LLC (hereinafter the general contractor), to install windows at the property.
In May 2017, the plaintiff commenced this action to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6), against the owner, the general contractor, and the defendant Silvercup Properties, LLC (hereinafter collectively the defendants). The defendants commenced a third-party action against, among others, V & P, asserting causes of action for contribution, common-law indemnification, contractual [*2]indemnification, and alleging breach of contract for failure to procure insurance. V & P moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against it. In an order dated July 12, 2022, the Supreme Court, among other things, granted V & P's motion. The defendants appeal from so much of the order as granted those branches of V & P's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance.
Workers' Compensation Law § 11 prohibits most third-party claims for contribution or indemnification against an employer for injuries sustained by an employee acting within the scope of employment (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367; Persaud v Bovis Lend Lease, Inc., 93 AD3d 831, 832). The statute sets forth two exceptions: the employer may be impleaded when the employee has sustained a "grave injury" or when there is a "written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d at 367 [internal quotation marks omitted]; see Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 432). Here, the defendants do not challenge the Supreme Court's determination that the "grave injury" exception does not apply.
"The right to contractual indemnification depends upon the specific language of the contract" (Crutch v 421 Kent Dev., LLC, 192 AD3d 982, 983 [internal quotation marks omitted]; see Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d at 432-433; Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 752 [internal quotation marks omitted]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Crutch v 421 Kent Dev., LLC, 192 AD3d at 983 [internal quotation marks omitted]; see Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d at 433). In general, a clause in construction subcontracts incorporating the prime contract by reference only applies to scope, quality, character, and manner of work to be performed by the subcontractor (see Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d 581, 585; Persaud v Bovis Lend Lease, Inc., 93 AD3d at 833). "A party that moves for summary judgment dismissing a cause of action for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim" (Crutch v 421 Kent Dev., LLC, 192 AD3d at 983; see Dow v Consolidated Edison Co. of New York, Inc., 226 AD3d 648).
Here, V & P failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification insofar as asserted against it (see Bradley v NYU Langone Hosps., 223 AD3d 509, 511; see generally Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d at 585). Although the defendants were not specifically named as indemnitees in the V & P subcontract, indemnitees are defined therein to include not only Pioneer, but also, as relevant here, "such persons and entities as may be required by the Contract Documents." The V & P subcontract defined the "Contract Documents" as including, among other things, the subcontract between Pioneer and the general contractor. V & P, however, did not submit that contract or any other evidence to show that the defendants were not indemnitees under the indemnification provision of the V & P subcontract (see Bradley v NYU Langone Hosps., 223 AD3d 509, 511, citing Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 274).
Similarly, V & P failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action alleging breach of contract for failure to procure insurance insofar as asserted against it. As a general matter, "'[a] provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured'" (Crutch v 421 Kent Dev., LLC, 192 AD3d at 984, quoting Trapani v 10 Arial Way Assoc., 301 AD2d 644, 647). Here, by failing to submit the "Contract Documents," which included the subcontract between Pioneer and the general contractor, incorporated by reference into the insurance procurement provisions of the V & P subcontract, V & P failed to eliminate a triable issue of fact as to whether those contract documents contained provisions requiring it to obtain additional insured coverage for the benefit of the defendants (see Crutch v 421 Kent Dev., LLC, 192 [*3]AD3d at 984; Ginter v Flushing Terrace, LLC, 121 AD3d 840, 844).
Accordingly, the Supreme Court should have denied those branches of V & P's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance insofar as asserted against it, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court