■ Nicholas Bussanich, Plaintiff, v 310 East 55th Street Tenants, Defendant, and New York SMSA, c/o Bell Atlantic NYNEX Mobile, Inc., Defendant and Third-Party Plaintiff-Appellant. Communications Development Systems, Inc., as Successor to FWT, Inc., Third-Party Defendant-Respondent. [723 NYS2d 444] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 25, 2000, which granted the motion of third-party defendant Communications Development Systems, Inc., (CDS) for summary judgment dismissing the third-party complaint and all cross claims against it and denied the cross motion of third-party plaintiff Bell Atlantic NYNEX Mobile, Inc. for summary judgment declaring a joint venture, and ensuing judgment, same court and Justice, entered March 3, 2000, dismissing the third-party complaint and all cross claims against CDS, unanimously affirmed, with costs.

The remaining claim in the third-party action, one for breach of contract, was properly dismissed. No triable issue was raised as to whether CDS was in fact a party to the prime construction contract between Bell Atlantic and FWT, Inc., *inter alia*,

requiring FWT to indemnify Bell Atlantic and procure insurance providing Bell with coverage for liability arising from the contracted for construction. Indeed, the evidence indicates that CDS was merely a subcontractor, and not FWT's joint venturer as Bell Atlantic maintains, and there is no evidence that CDS, pursuant to its subcontract, undertook to satisfy the indemnity and insurance procurement obligations set forth in the prime contract. Under New York law, incorporation clauses in a construction subcontract, incorporating prime contract clauses by reference into a subcontract, bind a subcontractor only as to prime contract provisions relating to the scope, quality, character and manner of the work to be performed by the subcontractor (see, S. Leo Harmonay, Inc. v Binks Mfg. Co., 597 F Supp 1014, 1023-1024 [affd 762 F2d 990], citing Guerini Stone Co. v Carlin Constr. Co., 240 US 264, 277; United States Steel Corp. v Turner Constr. Co., 560 F Supp 871). Moreover, here there were no provisions in the prime contract expressly requiring subcontractors to purchase insurance or to indemnify Bell Atlantic, and the extent to which subcontractors were bound by the Contract Documents was expressly limited under article 5 (A) (4) of the contract's General Conditions to "the Contract Documents insofar as they are applicable to the work to be done under such subcontracts." Pursuant to article 10 of the main contract, "Contract Documents" was defined to include architectural plans, drawings, surveys, specifications, engineering reports, change orders, and the like, which would ordinarily be applicable to the work to be performed by the subcontractor. No reference was made to documents pertinent to indemnification or insurance procurement.

We have considered appellant's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Williams, Andrias, Rubin and Friedman, JJ.