■ GEMMA DEVELOPMENT CO. L.L.C., Appellant-Respondent, v FIDELITY & DEPOSIT COMPANY OF MARYLAND, Respondent-Appellant, et al., Defendants. [767 NYS2d 413]—

Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about September 16, 2002, which granted in part and denied in part the motion of defendant-respondent Fidelity & Deposit Company of Maryland, for summary judgment

dismissing all of plaintiff's claims for delay damages and for extra work, unanimously modified, on the law, to grant the motion to the further extent of dismissing all claims for damages against Fidelity & Deposit resulting from work order changes in excess of $24,520, and otherwise affirmed, without costs.

Plaintiff's arguments that it is entitled to damages against defendant surety Fidelity & Deposit for misrepresentations as to materials available for work on a project in which the plaintiff was substituted as the prime contractor are unavailing in view of the contract language obligating plaintiff to provide all materials. Its argument that the surety knew or should have known that there were not adequate materials to complete the project is not supported by the record. Plaintiff, moreover, is a sophisticated business entity, and could well have addressed any problems stemming from the brief time afforded it to review the project, by the insertion of contract language, a request for an extension of time to review the project, or refusal to submit a bid.

Plaintiff's reliance upon *Jackson v State of New York* (210 App Div 115 [1924], *affd* 241 NY 563 [1925]) is unavailing. There, the defendant specifically misrepresented the scope of the work despite its concrete and exclusively held knowledge that the project would be significantly more involved. Here, plaintiff had access to the same information as the surety.

Also unavailing is plaintiff's reliance on *Bussanich v 310 E. 55th St. Tenants* (282 AD2d 243 [2001]) in support of its contention that it is not bound by the "no damages for delay" provision in the project manual. While a subcontractor might, pursuant to *Bussanich*, not be bound by contractual provisions binding upon the contractor, plaintiff was substituted, not as a subcontractor but as the contractor and in that capacity agreed to be bound by the same provisions that had bound the original contractor.

Finally, defendant's argument that the only outstanding issue with regard to changes in work orders is whether plaintiff is owed $24,520 or $5,048 is unchallenged by plaintiff, and we modify accordingly. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Marlow, JJ.