■ BEYS GENERAL CONSTRUCTION CORP., Respondent, v HILL INTERNATIONAL, INC., Appellant. [940 NYS2d 14]—

Plaintiff-subcontractor made a prima facie showing of entitlement to judgment as a matter of law by submitting a Certificate of Substantial Completion, a Final Inspection Report, and the affidavit of its secretary stating that the claimed amounts were owed and that all remaining work had been completed in accordance with the terms and conditions of the parties' contracts.

In response, defendant-general contractor failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In particular, the opposition papers failed to connect undated New York City Engineering Audit Office (EAO) item adjustments, setting forth a total adjustment of $82,537 sought to be deducted by defendant herein, to the specific payment requisitions under which plaintiff made its claims. In addition, defendant's engineer did not affirmatively state in his affidavit that those specific EAO item adjustments were still outstanding at the time plaintiff submitted the final requisitions. Moreover, the opposition papers failed to address why the Certificate of Substantial Completion and the Final Inspection Report, signed by both defendant and the City, were not dispositive.

We reject defendant's argument that plaintiff did not proffer adequate documentation in support of the payment requisitions. The alleged documentation requirements largely emanated from the prime contract between defendant and the City. Although the prime contract clauses were incorporated by reference into the construction subcontracts between plaintiff and defendant, plaintiff is not bound by the documentation requirements in the prime contract, as they do not relate to the "scope, quality, character, and manner of the work to be performed by [plaintiff]" (*Bussanich v 310 E. 55th St. Tenants*, 282 AD2d 243, 244 [2001]).

We have reviewed defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ.