Edward J. Minskoff Equities, Inc., et al., Appellants-Respondents, v Crystal Window & Door Systems, Ltd., Respondent-Appellant, et al., Defendant. [938 NYS2d 522]—

In this action for breach of guaranty on a construction project, there are questions of fact regarding whether 270 Greenwich and Minskoff, as owner and manager of the building being renovated, were the intended third-party beneficiaries of a guaranty entered into between HRH, the general contractor, and Crystal Window, the subcontractor, pursuant to which Crystal Window guaranteed the performance of its subsidiary, defendant Crystal Curtain Wall Systems Corp. (CCWS), on the subcontract with HRH. The guaranty explicitly called for completion of the subcontract which described Minskoff and 270 Greenwich as direct beneficiaries of the work to be performed. Further, the guaranty provided that it would not terminate until HRH received payment from 270 Greenwich which payment would be made only after HRH attested to substantial completion of the subcontract work.

The intent of the parties, as gleaned from the language of the guaranty, is that completion of the subcontract dictated whether the obligation on the guaranty would arise, thereby suggesting that 270 Greenwich and Minskoff, as intended beneficiaries of

the subcontract, can recover as third party beneficiaries of the guaranty (*see Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s.*, 243 AD2d 1, 6-8 [1998]; *Alicea v City of New York*, 145 AD2d 315, 317 [1988]). However, the fact that the guaranty was entered into pursuant to the requirements of a supplemental agreement to the subcontract which supplemental agreement expressly stated that it did not confer any legal right, remedy or claim on anyone other than the parties thereto (i.e., HRH and CCWS), raises a factual issue as to whether the guaranty, given its broad language, was drafted for the immediate benefit of Minskoff and 270 Greenwich.

Contrary to Crystal Window's arguments, the terms of the guaranty are neither indefinite nor ambiguous as to Crystal Window's rights and obligations thereunder as it specifically required CCWS's completion of the subcontract and the terms of the subcontract were clearly defined (*see Bank of Tokyo-Mitsubishi*, 243 AD2d at 7-8).

We have considered the parties' additional arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Catterson and Freedman, JJ.