Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 2, 2012, which, insofar as appealed from, granted defendant Crystal Window & Door Systems, Ltd.’s (Crystal Window) motion in limine to the extent of precluding plaintiffs, Edward J. Minskoff Equities, Inc. (Minskoff) and 270 Greenwich Street Associates, LLC (270 Greenwich), from introducing at trial any evidence of their delay damages, unanimously reversed, on the law, without costs, and the motion denied.
*489 Plaintiff HRH Construction, LLC (HRH), a nonparty to this appeal and the general contractor of the building under renovation, subcontracted with defendant Crystal Curtain Wall Systems Corp. (CCWS), another nonparty to this appeal, to install window wall systems in the building. CCWS failed to properly perform the subcontract work, and HRH notified CCWS that it was in default. As a result, HRH and CCWS entered into a supplemental agreement in which CCWS agreed to, among other things, provide HRH with a performance guaranty (also referred to as a “completion guaranty”) from Crystal Window, CCWS’s parent. Crystal Window did, in fact, sign a guaranty letter in which it guaranteed that CCWS would complete the subcontract. Nonetheless, CCWS did not complete the work for HRH. As a result, another subcontractor ultimately completed the job.
This is the second time that this matter has been before us. In the June 30, 2011 order leading to the first appeal, the motion court granted Crystal Window’s motion for summary judgment to the extent of dismissing the eighth cause of action for breach of guaranty, finding that Minskoff and 270 Greenwich (collectively, plaintiffs) the developer and the owner of the building, were not entitled to enforce the guaranty because they were not third-party beneficiaries of that agreement. In the decision accompanying its order, the motion court also noted that Minskoff “ha[d] not shown that incidental damages [were] within the contemplation of the parties.”
By order entered February 7, 2012, this Court modified the order (92 AD3d 469 [1st Dept 2012]), finding that the record presented issues of fact as to whether plaintiffs, as owners and developers of the building, were the intended third-party beneficiaries of the guaranty between HRH and Crystal Window. The matter was then remitted to the IAS court.
Plaintiffs moved in limine to preclude certain evidence; in response, Crystal Window cross-moved to preclude evidence regarding consequential damages. The IAS court granted the cross motion, ruling that plaintiffs would be precluded at trial from offering evidence on consequential damages.
We reject Crystal Window’s procedural argument that plaintiffs’ appeal from the motion in limine order is untimely because they failed to raise the damages issue in the first appeal. On the contrary, because the IAS court’s statement regarding consequential damages was dicta, plaintiffs were not aggrieved by the court’s conclusion regarding consequential damages and could not appeal from that portion of the order (see Blum v Valentine, 87 AD3d 1100, 1101 [2d Dept 2011], lv denied 18 NY3d 803 [2012]).
*490 As to the merits, we find that plaintiffs should not be precluded from presenting to the jury evidence regarding consequential damages. To begin, our modification of the previous order does not constitute the law of the case on consequential damages. We take judicial notice that the briefs and record on the first appeal did not raise this issue (see Grady v Utica Mut. Ins. Co., 69 AD2d 668, 671 n 1 [2d Dept 1979]). Rather, the parties addressed only one issue — namely, whether plaintiffs were third-party beneficiaries of the guaranty. The parties had no reason to address the consequential damages issue on the first appeal; indeed, once the IAS court decided that Minskoff and 270 Greenwich were not third-party beneficiaries, there was no reason for it to resolve the issue of damages. Our decision on the parties’ first appeal therefore made no reference to the consequential damages issue.
The terms of the guaranty, moreover, are unambiguous as to Crystal Window’s obligations. First of all, the guaranty states, “HRH has requested that [Crystal Window] guaranty completion of the subcontract by CCWS.” The guaranty further states that Crystal Window has “no problem on giving such a guaranty and do[es] hereby guarantiee] the completion of the subcontract by CCWS” and that the guaranty would “terminate upon HRH receiving payment from the Owner for the requisition to be made upon HRH’s application of payment for substantial completion” of the subcontract work.
Section 7.2 (e) of the subcontract, in turn, specifically requires CCWS to indemnify plaintiffs for any damages caused by “delay” in the “progress of the [w]ork.” Likewise, section 12.2 of the subcontract provides that CCWS shall indemnify and defend the contractor and the owner and shall “save them harmless from and against any and all . . . damages, losses [and] liabilities” that might arise “out of any act, error or omission or breach of [c]ontract... in connection with the performance of the Work hereunder or otherwise arising out of, in connection with or as a consequence of the performance of the Work hereunder.” Paragraph 136 of Rider 2 then provides that “time is of the essence in this commencement, prosecution ánd completion of the [w]ork” and that CCWS “shall be responsible for all costs arising out of its failure to perform in accordance with these requirements.”
When the guaranty and the subcontract are read together (see Bank of Tokyo-Mitsubishi Ltd. N.Y. Branch v Kvaerner, a.s., 243 AD2d 1, 7 [1st Dept 1998]), these provisions show that, in executing the guaranty of completion, Crystal Window knowingly assumed an obligation to pay plaintiffs’ delay damages *491 should CCWS default on the subcontract. This conclusion comports with our decision in Turnberry Residential Ltd. Partner, L.P. v Wilmington Trust FSB (99 AD3d 176 [1st Dept 2012], lv denied 20 NY3d 859 [2013]), decided after the motion court’s decision in this action. In that case, we elucidated the difference between a payment guaranty and a guaranty of completion, stating that while the former guarantees a borrower’s debt, the latter guarantees completion of a project should the obligee be unable to complete it (id. at 177). Further, we held that the general purpose of a completion guaranty is to give comfort that the project will, in fact, be completed (id. at 183).
Here, Crystal Window’s guaranty was a completion guaranty, assuring that the subcontract would be fully performed. The subcontract, in turn, recited that not only was time of the essence in completion of the work, but that CCWS was to be responsible for all costs arising out of its failure to timely perform. Thus, consequential damages — that is, damages arising from the delay — are recoverable under both the subcontract and the completion guaranty. Indeed, a finding that plaintiffs may not present evidence of consequential damages would render the guaranty meaningless, since it would, in essence, leave plaintiffs without any remedy for CCWS’s long delay in installing the windows — a delay that Crystal Windows agreed, in the completion guaranty, to remedy.
The motion court relied on Bussanich v 310 E. 55th St. Tenants (282 AD2d 243 [1st Dept 2001]) to find limitations as to what might be deemed incorporated into an agreement in the context of a construction contract. Bussanich is not analogous to this case, as that case involved a construction contract, and not a completion guaranty. Moreover, in Bussanich we held that when an incorporation clause in a construction subcontract incorporates prime contract clauses by reference, the incorporation clauses bind the subcontractor only as to prime contract provisions relating to the “scope, quality, character and manner of work to be performed by the subcontractor” (id. at 244). In Bussanich, however, the prime contract contained no provisions requiring the subcontractors to indemnify the contractor. Further, the language in the prime contract limited the subcontractors’ liability so that they could be held liable only for the work that they were to perform under the subcontracts. Bussanich therefore does not limit the terms of a subcontract that may be incorporated by reference into a separately negotiated guaranty of completion. This conclusion holds especially true where, as here, the guaranty contains no limiting language, but rather, *492 makes clear that Crystal Window guarantees completion “of the subcontract.” Concur — Friedman, J.P., Moskowitz, DeGrasse, Richter and Gische, JJ.