▪ STEVEN MANFREDONIA et al., Respondents, v GATEWAY SCHOOL OF NEW YORK, Appellant and Third-Party Plaintiff-Respondent. KABACK ENTERPRISES, INC., Third-Party Defendant-Appellant-Respondent. [51 NYS3d 415]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered May 23, 2016, which, insofar as appealed from as limited by the briefs, denied the motions of Gateway School of New York (Gateway) and Kaback Enterprises, Inc. (Kaback) for summary judgment dismissing plaintiffs' cause of action under Labor Law § 240 (1), and denied the motion of Kaback seeking dismissal of Gateway's third-party contractual indemnity claim against it, unanimously modified, on the law, to the extent of dismissing the third-party contractual indemnity claim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of Kaback dismissing the third-party complaint.

Gateway and Kaback failed to establish entitlement to judgment as a matter of law on the Labor Law § 240 (1) claim. Although there is evidence showing that plaintiff Steven Manfredonia, a Kaback employee, in violation of Kaback's safety manual, improperly stood on the top cap of a six-foot A-frame ladder to reach his work (*see e.g. Robinson v East Med. Ctr., LP*, 6 NY3d 550 [2006]), there is also evidence supporting plaintiff's claim that his fall was caused by the ladder's side hinge breaking and the ladder collapsing, and not the method in which he used the device (*see Lizama v 1801 Univ. Assoc., LLC*, 100 AD3d 497 [1st Dept 2012]). Thus it cannot be said as a matter of law that plaintiff was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

The court erred, however, in finding that questions of fact precluded dismissal of Gateway's contractual indemnity claim against Kaback. The contract does not express the type of clear and unmistakable manifestation of intent to indemnify that is required (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Cordeiro v TS Midtown Holdings, LLC*, 87 AD3d 904, 907 [1st Dept 2011]). Concur—Richter, J.P., Andrias, Moskowitz, Feinman and Kapnick, JJ.