Romano v One City Block LLC (2020 NY Slip Op 06073)





Romano v One City Block LLC


2020 NY Slip Op 06073


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 303911/15 Appeal No. 12185 Case No. 2020-00068 

[*1]Francesco Romano, et al., Plaintiffs-Appellants,
v
One City Block LLC, et al., Defendants-Respondents.


Popkin & Popkin, LLP, New York (Eric F. Popkin of counsel), for appellants.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City (Megan A. Lawless of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about October 7, 2019, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on the issue of liability as against defendants One City Block LLC and Benchmark Builders, Inc. on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiffs established prima facie entitlement to summary judgment with the testimony of plaintiff Francesco Romano that the unsecured ladder on which he was performing work shifted and moved, causing him to fall (see Fanning v Rockefeller Univ., 106 AD3d 484, 484-485 [1st Dept 2013]). Plaintiff's affidavit did not conflict with his deposition testimony regarding how the accident occurred.
However, the accident report, which was completed by plaintiff's foreman on the date of the accident and was based on the foreman's conversation with plaintiff right after the accident, states that "[w]hen coming down the ladder [plaintiff] slipped off of the step, falling to the ground." Plaintiff's account that the ladder shifted, causing him to fall, as he reached up for the conduit while standing on the fourth rung contradicts the accident report and the foreman's testimony. Because plaintiff could not have slipped off of the ladder while descending, and at the same time fallen from the fourth rung while performing work, issues of fact and credibility exist as to how the accident occurred (see Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]; compare Nolan v Port Auth. of N.Y. & N.J., 162 AD3d 488 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020