## Callan v RCB3 Nominee LLC

2024 NY Slip Op 32968(U)

August 23, 2024

Supreme Court, New York County

Docket Number: Index No. 158801/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DAVID B. COHEN**                    PART                    58
                                                    *Justice*

-----------------------------------------------------------------------------X

FRANK CALLAN,

                              Plaintiff,

                    - v -

RCB3 NOMINEE LLC, TISHMAN CONSTRUCTION
COMPANY,

                              Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158801/2019 |
| MOTION DATE | 12/12/2023 |
| MOTION SEQ. NO. | 001 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 89, 100, 101, 102, 103, 106, 107, 108

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 92, 93, 104, 105, 109, 110, 111, 112, 113

were read on this motion to/for                    SUMMARY JUDGMENT (AFTER JOINDER)    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 90, 91, 94, 95, 96, 97, 98, 99

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

This is an action to recover damages for personal injuries allegedly sustained by plaintiff

on December 28, 2018, when, while working on a construction site located at 10 Riverside

Boulevard, New York, New York (the Premises), he allegedly fell from a ladder.

In motion sequence number 001, plaintiff moves, pursuant to CPLR 3212, for summary

judgment in his favor on his Labor Law § 240(1) claim as against defendants/third-party

plaintiffs RCB3 Nominee, LLC (RCB3) and Tishman Construction Company (Tishman)

(together, defendants).

In motion sequence number 002, defendants move, pursuant to CPLR 3212, for summary

judgment dismissing the complaint as against them and for summary judgment in their favor on

their third-party claim for contractual indemnification as against third-party defendant J&L

Electrical & Communications Group, Inc. (J&L).

In motion sequence number 003, J&L moves, pursuant to CPLR 3212, for summary

judgment dismissing the third-party complaint as against it.

The motions are hereby consolidated for disposition.

## I.     BACKGROUND

On the day of the accident, the Premises was owned by RCB3, which had hired Tishman

to provide construction management services for a project at the Premises that entailed the

construction of a new residential tower (the Project).  Tishman subcontracted mechanical work to

non-party JPR Mechanical, Inc. (JPR), which subcontracted some of its work to non-party

Automated Logic Contracting Services, Inc. (Automatic), which then subcontracted electrical

work to J&L.  Plaintiff was employed by J&L.

Plaintiff's Testimony (NYSCEF Doc. No. 67)

Plaintiff testified that on the day of the accident, he was a electrician employed by J&L.

He worked on the Project and was supervised by a J&L foreman (plaintiff's tr at 33), from whom

he received directions (*id.* at 43).

Plaintiff's duties included "running conduit and pulling wire, installing conduit" (*id.* at

34).  On the day of the accident, plaintiff's task was to install conduit and pull wire throughout a

particular room at the Premises.

Immediately before the accident, plaintiff was installing conduit approximately seven feet

above the floor (*id.* at 44).  To do so, plaintiff needed to use an 8-foot-tall fiberglass A-frame

ladder to reach the installation area, and before climbing the ladder at issue, he inspected it and

found it to be in good condition and not missing any pieces (*id.* at 45).

**158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC**
**Motion No.  001 002 003**

**Page 2 of 13**

[* 2]

He climbed to the third step of the ladder and performed his work, which included drilling a hole in the top of an electrical box (*id.* at 52). Once plaintiff finished drilling the hole, he began descending the ladder when he "felt the ladder shift a little as [he] was coming down . . . and [he] lost [his] balance. And then [he] missed a step and went down on [his] right knee" (*id.* at 54). Plaintiff further testified that "if the ladder didn't shift, [he] wouldn't have missed the step" (*id.* at 129-130). He did not know what caused the ladder to shift (*id.* at 55).

After the accident, plaintiff spoke with a Tishman representative who told plaintiff to write down what happened, and he did so (*id.* at 63). He also filled out a J&L accident report (*id.* at 65).

At his deposition, plaintiff was shown a copy of Tishman's accident report, which included his written statement (the Statement). He confirmed that he wrote and signed the Statement (*id.* at 69), and that he did not state therein that the ladder had shifted. Rather, the report reflects that he missed the last step of the ladder, which caused his knee to twist (NYSCEF 71).

Deposition Testimony of Tishman's Safety Director (NYSCEF Doc. No. 68)

Tishman's safety director for the Project testified that his duties included overseeing safety compliance on residential construction sites, including the general oversite of the project. Specifically, his duties included making sure that proper tools and equipment were available and that workers were properly trained.

Tishman was hired by RCB3 as a construction manager for the Project, and it hired subcontactors for the Project. However, he was unfamiliar with Automated, and did not know that J&L was working on the project.

**158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC**
**Motion No.  001 002 003**

**Page 3 of 13**

[* 3]

Deposition of J&L's Owner (NYSCEF Doc. No. 69)

J&L's owner testified that his responsibilities included general operations of J&L, a "communication installation company" – primarily installing fiberoptic wires for telephones and intercoms. He was unaware of who owned the Premises and did not know whether J&L worked for Tishman (*id.* at 31)., and he was also unfamiliar with JPR, though he was familiar with Automated (*id.* at 31). Automated's work includes installing devices such as HVAC controls (*id.* at 33-34), and Automated hired J&L to install the devices, which included running wiring as needed. At his deposition, the owner was shown a copy of the Automated/J&L Agreement, and he confirmed that he signed it (*id.* at 43).

Tishman's Accident Report (NYSCEF Doc. No. 71)

CR Safety, Tishman's safety supervisor, prepared an accident report, dated December 28, 2018 (the Accident Report), which states that plaintiff injured his right knee on a ladder. It also contained plaintiff's signed written Statement, to wit:

> Working on ladder drilling out a panel, missed the last step on the
> 8' ladder causing my right knee to twist.

(NYSCEF Doc. No. 71).

The C3 Report (NYSCEF Doc. No. 56)

A C3 Report, signed by plaintiff on January 3, 2019, reflects that plaintiff was injured when he was "[s]tepping down 8' yellow A-frame ladder, installing 1 inch conduit" when the "[l]adder move [sic] causing [him] to fall and miss the last step" (NYSCEF Doc. No. 56).

## II.    DISCUSSION

"'[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires denial

**158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC**
**Motion No. 001 002 003**

**Page 4 of 13**

4 of 13

of the motion, regardless of the sufficiency of the opposing papers'" (*Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]; quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [emphasis omitted]).

"Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]). If there is any doubt as to the existence of a triable issue, the motion [for summary judgment] should be denied" (*Grossman v Amalgamated Hous. Corp.*, 298 AD2d 224, 226 [1st Dept 2002]; citing *Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223, 231 [1978]).

A. Plaintiff's Common-Law Negligence and Labor Law §§ 200 and 241(6) Claims

Defendants move for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 241(6) claims. As plaintiff does not contest the dismissal of these claims, they are dismissed.

B. Plaintiff's Labor Law § 240(1) Claim

Labor Law § 240(1), known as the Scaffold Law, provides as relevant that:

> All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Labor Law § 240(1) "imposes a nondelegable duty on owners and contractors to provide devices which shall be so constructed, placed and operated as to give proper protection to those individuals performing the work" (*Quiroz v Memorial Hosp. for Cancer & Allied Diseases*, 202 AD3d 601, 604 [1st Dept 2022] [internal quotation marks and citations omitted]). It "'was

**158801/2019 CALLAN, FRANK vs. RCB3 NOMINEE LLC**
**Motion No. 001 002 003**

**Page 5 of 13**

5 of 13

designed to prevent those types of accidents in which the scaffold . . . or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (*John v Baharestani*, 281 AD2d 114, 118 [1st Dept 2001], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

The absolute liability found within section 240 "is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*O'Brien v Port Auth. of N.Y. & N.J.,* 29 NY3d 27, 33 [2017] [internal quotation marks and citation omitted]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Accordingly, to prevail on a Labor Law § 240(1) claim, a plaintiff must establish that the statute was violated, and that this violation was a proximate cause of the plaintiff's injuries (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]).

"'Where a ladder is offered as a work-site safety device, it must be sufficient to provide proper protection. It is well settled that [the] failure to properly secure a ladder, to ensure that it remain[s] steady and erect while being used, constitutes a violation of Labor Law § 240(1)'" (*Hill v City of New York*, 140 AD3d 568, 569 [1st Dept 2016]; quoting *Montalvo v J. Petrocelli Constr., Inc.,* 8 AD3d 173, 174 [1st Dept 2004]).

Here, plaintiff testified that the ladder that he was working on at the time of his accident failed to protect him from falling, as it shifted underneath him. Accordingly, he has made his prima facie showing of a violation of Labor Law § 240(1), and that the violation caused his injuries (*see Nunez v SY Prospect LLC*, 226 AD3d 410 [1st Dept 2024] [plaintiff met prima facie burden by proof that he fell when ladder abruptly shook and he was not given safety devices or assistance to ensure that ladder was stable]; *Goreczny v 16 Ct. St. Owner LLC*, 110 AD3d 465

**158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC**                                      **Page 6 of 13**
**Motion No.  001 002 003**

6 of 13

[1st Dept 2013] ["Plaintiff's deposition is uncontradicted insofar as he testified that he was injured when the unsecured ladder upon which he was working moved, causing him to fall."]).

In opposition, defendants argue that there is a question of fact as to how the accident occurred, as plaintiff did not indicate in the Accident Report that the ladder moved when he fell. They argue that this omission creates a second, independent version of the accident wherein the ladder did not shift or move, which would not give rise to a Labor Law violation (*see e.g. Romano v One City Block LLC*, 187 AD3d 653, 654 [1st Dept 2020] [denying summary judgment on section 240(1) cause of action where two credible theories of accident existed]).

"Where credible evidence reveals differing versions of the accident, one under which defendants would be liable and another under which they would not, questions of fact exist making summary judgment inappropriate" (*Ellerbe v Port Auth. of N.Y. & N.J.*, 91 AD3d 441, 442 [1st Dept 2012]; *see also Santiago v Fred-Doug 117, L.L.C.*, 68 AD3d 555, 556 [1st Dept 2009]).

Here, however, plaintiff's testimony that he "felt the ladder shift a little as [he] was coming down . . . [a]nd then [he] missed a step" is consistent with his prior Statement, wherein he wrote that he "missed the last step" (*see Ping Lin v 100 Wall St. Prop. L.L.C.*, 193 AD3d 650, 652 [1st Dept 2021] ["Plaintiff's statement to his supervisor that he fell because he lost his balance is consistent with his more detailed testimony regarding how he lost his balance and fell from the ladder after it moved"]).

Defendants argue that *Ping Lin* and similar cases are inapplicable because they involve accident reports written by supervisors or coworkers, and not directly prepared by the injured party. However, they cite no caselaw to support this position and their argument is unpersuasive.

**158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC**                                    **Page 7 of 13**
**Motion No.  001 002 003**

[* 7]                                               7 of 13

Moreover, defendants' argument that plaintiff has not established that the ladder was defective is immaterial (*Rivera v 712 Fifth Ave. Owner LP*, 229 AD3d 401 [1st Dept 2024] [plaintiff not required to prove ladder was defective or that it fell]).

### C. Defendants' Contractual Indemnification Claims against J&L

"A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (*Karwowski v 1407 Broadway Real Estate, LLC*, 160 AD3d 82, 87-88 [1st Dept 2018], quoting *Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777 [1987]).

Agreements to indemnify must be strictly construed by their terms to avoid creating an indemnification obligation that the parties did not intend (*Needham & Co., LLC v UPHealth Holdings, Inc.*, 212 AD3d 561, 561 [1st Dept 2023] ["a contract imposing an obligation to indemnify must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed."] [internal quotation marks and citation omitted]).

"In contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability" (*Correia v Prof. Data Mgt.,* 259 AD2d 60, 65 [1st Dept 1999]; *see also Lexington Ins. Co. v Kiska Dev. Group LLC,* 182 AD3d 462, 464 [1st Dept 2020] [denying summary judgment where indemnitee "has not established that it was free from negligence"]). Further, unless the indemnification clause explicitly requires a finding of negligence on behalf of the indemnitor, "[w]hether or not the proposed indemnitor was negligent is a non-issue and irrelevant" (*Correia,* 259 AD2d at 65).

Initially, defendants' contractual indemnification claim against J&L is predicated upon a series of construction contracts – the Tishman/JPR Agreement, the JPR/Automated Agreement,

**158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC**
**Motion No.  001 002 003**

**Page 8 of 13**

8 of 13

[* 8]

and the Automated/J&L Agreement. Here, the JPR/Automated Agreement, which is between two non-parties, is unauthenticated by any person with knowledge of the agreement. The only individual questioned about it was J&L's principal, who had no knowledge of it and had never seen it prior to his deposition. That the JPR/Automated Agreement was provided to Tishman by counsel for non-party Automated is insufficient to establish that the document transmitted was a true and accurate copy of the JPR/Automated Agreement, as Automated's counsel does not state that he has any personal knowledge it.

Therefore, the JPR/Automated Agreement is not before the court in admissible form and cannot be considered with respect to defendants' summary judgment motions (*Benedetto v Hyatt Corp.,* 203 AD3d 505, 506 [1st Dept 2022] [citation omitted] ["As with any summary judgment motion, the evidence submitted both in support of and in opposition must be tendered in admissible form"]).

As defendants' right to indemnity depends on the provisions of the JPR/Automated Agreement, they have thus failed to establish prima facie entitlement to judgment in their favor on their contractual indemnity claim.

As to J&L's motion, J&L argues that, on its face, the Automated/J&L Agreement does not contemplate providing indemnification to Tishman or RCB, relying on the following indemnification provision:

> To the fullest extent permitted by law, [J&L] . . . shall defend,
> indemnify and hold harmless the BUYER, CONTRACTOR . . .
> OWNER and their respective directors, trustees, officers,
> employees and agents, partner and subsidiary corporations from
> and against any liability, claim of liability . . . arising out of or
> resulting from performance of the Work . . . caused in whole or in
> part by the negligent acts or omissions of [J&L].

(NYSCEF Doc. No. 74).

**158801/2019  CALLAN, FRANK vs. RCB3 NOMINEE LLC**
**Motion No.  001 002 003**

**Page 9 of 13**

9 of 13

"BUYER" is identified as Automated; "OWNER" is identified as non-party "GID Development, Inc." (GID); "CONTRACTOR" is identified as JPR (*id.*, at 1).  Meanwhile, RCB3 and Tishman are not named or defined in the Automated/J&L Agreement.  Further, the provision does not include a requirement that the parties to the agreement indemnify entities required by outside contracts.

Thus, on its face, the Automated/J&L agreement does not contemplate indemnity for defendants, and as it is therefore not "unmistakably clear" regarding defendants' indemnity, J&L is not required to contractually indemnify defendants (*Hooper Assoc. v AGS Computers, Inc.*, 74 NY2d 487, 491 [1989]).  Therefore, J&L has established its prima facie entitlement to summary judgment dismissing defendants' contractual indemnification claim as against it (*see Manfredonia v Gateway School of New York*, 150 AD3d 434, 435 [1st Dept 2017] [contractual indemnity claim should have been dismissed as contract did not "express the type of clear and unmistakable manifestation of intent to indemnity that is required."]).

In opposition, defendants argue that GID and RCB3 are the same entity and that reference to GID in the Automated/J&L Agreement should be understood to include and/or incorporate RCB3 in that agreement's indemnification provision.  Defendants base this argument on the Tishman/JPR Agreement, which defines "Owner" as "RCB3 Nominee LLC c/o GID Development Group" (NYSCEF Doc. No. 95).  However, defendants provide no evidence establishing that GID and RCB3 are the same entity, nor do they cite any caselaw establishing that a reference to one entity "c/o" a second entity means that the entities are, as a matter of law, a single entity.

**158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC**
**Motion No.  001 002 003**

**Page 10 of 13**

10 of 13

[* 10]

Next, defendants argue that the Automated/J&L Agreement contains an incorporation provision that incorporates the definitions and indemnification obligations from both the Tishman/JPR Agreement and the JPR/Automated Agreement (NYSCEF Doc. No. 74).[1]

However, "[u]nder New York Law, incorporation clauses in a construction subcontract, incorporating prime contract clauses by reference into a subcontract, bind the subcontractor only as to prime contract provisions relating to the scope, quality, character and manner of the work to be performed by the subcontractor" (*Naupari v Murray*, 163 AD3d 401, 402 [1st Dept 2018], quoting *Bussanich v 310 East 55th St. Tenants,* 282 AD2d 243, 244 [1st Dept 2001]; *see also Higgins v TST 375 Hudson, L.L.C.*, 179 AD3d 508, 511 [1st Dept 2020] ["As the indemnification provision in its favor in its subcontract with EMCOR does not relate to the scope, quality, character or manner of the work, it is not incorporated into the EMCOR–OMC sub-subcontract"]).

Given the foregoing, J&L has established its prima facie entitlement to summary judgment dismissing defendants' third-party contractual indemnification claims, and defendants have not raised a question of fact in opposition.

---

[1] The incorporation clause in the Automated/J&L Agreement provides:

> PRIME CONTRACT: The Contract Documents include the contract between the Buyer and the Contractor or Owner (as the case may be) along with any Exhibits and Attachments thereto (the "Prime Contract). Subcontractor agrees to be bound by and comply with the terms of the Prime Contract and to assume towards the Buyer all the obligations and responsibilities that the BUYER assumes towards the CONTRACTOR and/or the OWNER, insofar as they are applicable to this Subcontract

(NYSCEF Doc. No. 74).

**158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC**
**Motion No.  001 002 003**

**Page 11 of 13**

11 of 13

D.    Defendants' Remaining Third-Party Claims against J&L

As J&L sets forth meritorious grounds for dismissal of defendants' third-party common-law indemnity and failure to procure insurance claims, and as defendants do not address them or otherwise deny that dismissal is warranted, the claims are dismissed.


III.    CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED, that plaintiff's motion (sequence number 001), pursuant to CPLR 3212, for summary judgment in his favor on his Labor Law § 240(1) claim as against defendants/third-party plaintiffs RCB3 Nominee, LLC and Tishman Construction Company is granted; and it is further

ORDERED, that Tishman and RCB's motion (sequence number 002), pursuant to CPLR 3212, for summary judgment dismissing the complaint, and granting judgment in their favor on their third-party contractual indemnification claim against third-party defendant J&L Electrical and Communications Group (J&L) is granted to the extent that plaintiff's common-law negligence and Labor Law §§ 200 and 241(6) claims are severed and dismissed, and is otherwise denied; and it is further

ORDERED, that J&L's motion (sequence number 003), pursuant to CPLR 3212, for summary judgment dismissing the third-party complaint is granted and the third-party complaint is severed and dismissed, with costs and disbursements as taxed by the clerk of the court; and it is further

158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC
Motion No.  001 002 003

Page 12 of 13

ORDERED that counsel for the parties shall appear for a trial scheduling/settlement conference on November 20, 2024, at 9:30 a.m. at 71 Thomas Street, Room 305, New York, New York.

20240823152321DBCOHEN15EA7AB6F8FA45DA9ECBA7ADDEF847FF

**8/23/2024**
**DATE**

**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158801/2019   CALLAN, FRANK vs. RCB3 NOMINEE LLC**
**Motion No.  001 002 003**

**Page 13 of 13**

13 of 13

[* 13]